UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNIOR JUMPP, : | |
|     petitioner, : | |
| : | |
| v. : | 3:20-cv-01868 (VLB) |
| NEW BRITAIN SUPERIOR COURT, : | |
|     respondent. : | |

## ORDER OF DISMISSAL

Petitioner, Junior Jumpp, currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut as a pretrial detainee, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his current confinement on grounds (1) that his right to be free from excessive bail was violated by a superior court decision denying him bail, and (2) that COVID-19 presents a substantial threat to his health.  Petition [ECF No. 3 at 6-7].[1]  He requests this court order the state court to lower the bond amount and/or to release him to home confinement in light of the COVID-19 pandemic.[2]  *Id.* at 8.

Petitioner brought the same grounds for habeas relief under Section 2241 in *Jumpp v. Martin*, No. 3:20-cv-01141 (VLB), but that case was dismissed without prejudice due to Petitioner's failure to exhaust his administrative remedies.  *Id.*,

---

[1] In the space for grounds three and four, Petitioner has written "See Attached." [ECF No. 3 at 7-8].  The Court cannot discern what his grounds are from this notation.  Thus, the Court construes Petitioner's Petition as asserting only grounds one and two.

[2] On December 21, 2020, Magistrate Judge Farrish granted Petitioner's motion to proceed *in forma pauperis*.  [ECF No. 9].

[ECF No. 16]. Petitioner maintains that he has now exhausted his remedies. *See* [ECF No. 3 at 2-4, 6].[3]

I. **DISCUSSION**

Habeas relief "is available under § 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law." *Nieves v. Farber*, No. 1:20-CV-0990 (LJL), 2020 WL 1529454, at *3 (S.D.N.Y. Mar. 30, 2020); *see also, e.g., Henry v. United States*, No. 11-CV-391 (KAM), 2014 WL 7075800, at *2 (E.D.N.Y. Dec. 12, 2014) (noting that "courts in this Circuit have construed pretrial habeas petitions as arising under Section 2241").

This Court concludes, however, that it lacks jurisdiction over this matter because it concerns an on-going criminal prosecution. *See Younger v. Harris*, 401 U.S. 37 (1971); *Jumpp v. Keegan*, No. 3:20-cv-01477 (KAD), 2020 WL 6383165, at *4 (D. Conn. Oct. 30, 2020) (dismissing similar claim brought under 42 U.S.C. § 1983 because Plaintiff's request for "the federal court to 'set a reasonable bail' or order his release from custody in his pending criminal cases, falls squarely within the *Younger* doctrine[.]").

In *Younger*, the Supreme Court identified "one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 72–73 (2013).

---

[3] He also indicates that his attorney may have "half filed" his claim in error. [ECF No. 3 at 8]. For purposes of this dismissal order, the court assumes that Petitioner has exhausted his administrative remedies.

2

"Federal courts must abstain where a party seeks to enjoin an ongoing, parallel state criminal proceeding, to preserve the 'longstanding public policy against federal court interference with state court proceedings' based on principles of federalism and comity." *Disability Rights New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (quoting *Younger*, 401 U.S. at 43). *Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Jones v. Cnty. of Westchester*, 678 F. App'x 48, 49-50 (2d Cir. 2017).

The *Younger* abstention doctrine is subject to exception, however, in cases of bad faith, harassment, or other "extraordinary circumstances[.]" *See Trump v. Vance*, 941 F.3d 631, 637 (2d Cir. 2019) (citing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). An extraordinary circumstance was held to exist in a state-federal clash where a county prosecutor opened a criminal investigation involving a sitting President raising superior federal interests embodied in Article II and Supremacy Clause more appropriately adjudicated in federal court. U.S. Const. art. 2.

Here, there is no factually supported assertion of bad faith, harassment or extraordinary circumstance. Petitioner's Petition challenging the state court's decision regarding his bail and requesting this Court to order a lower bond amount and/or his release to home confinement on grounds of the danger presented by Covid-19 purports to be a special circumstance. On that basis Petitioner asks the court to intrude upon his state prosecution.

3

As an initial matter, "[t]he mere existence of COVID-19 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Covid-19 is not an extraordinary circumstance falling within the exception to the *Younger* abstention doctrine. *See Smith v. New Haven Superior Court*, No. 3:20-cv-00744 (KAD), 2020 WL 4284565, at *2 (D. Conn. July 27, 2020) (noting that "even if Petitioner had exhausted his claims, or exhaustion might arguably be excused, this Court is precluded from issuing orders that would interfere with Petitioner's ongoing state court prosecution under the *Younger* abstention doctrine."); *see also York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982) ("The writ of habeas corpus ... was never conceived to be the means by which a state proceeding can be aborted or a decree by which the orderly functioning of the State's judicial processes can be disrupted. Nor is the federal habeas corpus to be converted into a pretrial motion forum for state prisoners.") (quotation marks and citation omitted).

The Court takes notice that Petitioner currently has pending state criminal charges for two counts of felony attempt to assault a public safety officer, No. H15N-CR18-0068798-T, H15N-MV18-0244409-T, 32 felony violations of a protective order, No. H15N-CR18-0264758-T, felony tampering with physical evidence and felony forgery, No. H15N-CR19-0321308-S, felony risk of injury to a child, felony assault with a deadly weapon, i.e. a firearm, and felony robbery, No. H15N-CR17-0262394-A, and other very serious criminal charges. *See Giraldo v. Kessler*, 694

4

F.3d 161, 164 (2d Cir. 2012) (court may "take judicial notice of relevant matters of public record.").

Only if the Court finds extraordinary circumstances could it interfere in the State's orderly disposition of these charges, especially given their extremely serious and dangerous nature. *Kugler*, 421 U.S. at 124. Federal courts and others have recognized that an inmate's chronic medical condition that elevates his risk of becoming seriously ill from COVID-19 according to the CDC may be an extraordinary and compelling reason for compassionate release from federal custody. *See United States v. Sanchez*, No. 3:18-CR-00140-VLB-11, 2020 WL 1933815, at *5 (D. Conn. Apr. 22, 2020) (collecting cases). Even assuming that would suffice to overcome *Younger*, here, Petitioner's Petition does not present extraordinary circumstances warranting departure from the *Younger* abstention doctrine.

Petitioner seeks habeas relief on the basis of the risk posed by COVID-19 to his health condition. [ECF No. 3 at 2, 7]. But Petitioner is not an individual who is at high risk due to his age. [4] He is young, at 30 years of age, which the statistics show reduces his medical risks from contracting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-

---

[4] **The Connecticut Department of Correction website Inmate Search reflects that Petitioner was born on November 13, 1990. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=345844.** *Giraldo*, 694 F.3d at 164.

5

adults.html (noting that eight of 10 COVID deaths in the United States have been in adults 65 years old and older).

Nor has Petitioner shown that he is acutely susceptible to Covid-19. He has submitted medical records showing that he has been prescribed blood pressure medication and inhalers for his shortness of breath; he also provides a medical record from October 17, 2019, indicating that he has a history of mild persistent asthma without complication, that a cardiac murmur was noted (although Petitioner had no underlying cardiac history or cardiac complaints at the time), and that he is overweight. Pet.'s Ex. A. [ECF No. 7 at 151-65]. However, these records do not show that Petitioner is in imminent danger of contracting COVID-19 or that his health conditions render him so particularly vulnerable to the virus so as to present an extraordinary circumstance for this Court's intrusion into his state court criminal proceedings.

Petitioner's BMI, as noted in his medical records, is 25.86. [ECF No. 7 at 165]. This barely puts him into the "overweight" category; i.e. persons with BMI 25-30. https://www.cdc.gov/obesity/adult/defining.html. The CDC has found people who are obese, i.e. BMI greater than 30, at higher risk for complications from COVID-19, but those merely overweight only "might" be at higher risk. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity. Petitioner's overweight condition therefore provides no grounds for finding extraordinary circumstances.

Petitioner's reliance on his respiratory condition is also unavailing. Although he has been prescribed an inhaler for asthma, his asthma is not severe enough for him to use it. Petitioner's medical records indicate that he is not compliant with his treatment regimen. [ECF No. 7 at 165 ("He is currently not compliant with taking his 44 mcg Flovent HFA inhaler as directed.")].

In sum, Petitioner's medical condition provides no basis for finding that he is at higher risk for complications should he contract COVID-19; therefore, the Court finds that there are no extraordinary circumstances warranting the Court's intrusion into his state court criminal proceedings.

Accordingly, the Court will dismiss the Petition because this Court lacks jurisdiction over Petitioner's challenge to his state court criminal proceedings under *Younger* abstention.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the Petitioner's Petition for Writ of Habeas Corpus, [ECF No. 3], for lack of jurisdiction in accordance with the *Younger* abstention doctrine. The Court denies a certificate of appealability as any appeal from this order would not be taken in good faith. The Clerk is instructed to close this case.

                                                  /s/
                                    Vanessa L. Bryant
                                    United States District Judge

SO ORDERED at Hartford, Connecticut this 3rd day of February, 2021.